UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARACHUKWU EKEOMA,

                    Plaintiff,

              -against-                                    23 Civ. 474 (LGS)

THE CITY OF NEW YORK; THE NEW                             ORDER
YORK CITY POLICE DEPARTMENT,

                    Defendants.

LORNA G. SCHOFIELD, United States District Judge:

        Plaintiff Amarachukwu Ekeoma, who resides in Jamaica (Queens County), New York,

brings this action pro se.[1]  Plaintiff alleges that Defendants violated his rights at his home in

Jamaica (Queens County), New York.  For the following reasons, the Court transfers this action

to the United States District Court for the Eastern District of New York.

                                    **DISCUSSION**

        Under the general venue provision, a federal civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim
        occurred . . . ; or (3) if there is no district in which an action may otherwise be
        brought as provided in this section, any judicial district in which any defendant is
        subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, "natural person" resides in the district where the

person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial

district where it is subject to personal jurisdiction with respect to the civil action in question.  *See*

28 U.S.C. § 1391(c)(1)-(2).

---

[1] Plaintiff paid $402.00 to bring this action.

Plaintiff sues the City of New York and the New York City Police Department

("NYPD").[2]  He alleges that unnamed police officers used excessive force against him and

wrongfully arrested him at his home in Jamaica, New York, in Queens County, which is located

in the Eastern District of New York.  *See* 28 U.S.C. § 112(c).  Because Plaintiff alleges that the

events giving rise to his claims occurred in Queens County, venue is proper in the Eastern

District of New York.  *See* 28 U.S.C. § 1391(b)(2).  The City of New York and the NYPD

"reside" in this judicial district as well as in the Eastern District of New York for the purpose of

being sued.  *See* 28 U.S.C. § 112(b), (c).  Thus, while this court may be an appropriate venue for

this action under § 1391(b)(1), it is clear that the United States District Court for the Eastern

District of New York is a proper venue for this action under § 1391(b)(1) and (2).

Even though this District may be an appropriate venue to hear these claims, the Court

may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice."

28 U.S.C. § 1404(a).  "District courts have broad discretion in making determinations of

convenience under Section 1404(a) and notions of convenience and fairness are considered on a

case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  Courts

may transfer cases on their own initiative.  *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03

Civ. 2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent

institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a

party chooses are not imposed unreasonably on jurors and judges who have enough to do in

---

[2] The NYPD, an agency of the City of New York, is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

determining cases that are appropriately before them.  The power of district courts to transfer

cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus.*

*Ass'n Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28

U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency and (10) the interest of justice, based on the

totality of the circumstances.  *Keitt v. New York City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir.

2010) (setting forth similar factors).  A plaintiff's choice of forum is accorded less deference

where the plaintiff does not reside in the chosen forum and the operative events did not occur

there.  *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case.  The alleged underlying events

occurred in Queens County, in the Eastern District of New York.  It is likely that relevant

documents and witnesses are located in that judicial district.  The operative facts appear to have

no connection to this judicial district, the Southern District of New York.  Based on the totality of

the circumstances, it is in the interest of justice to transfer this action to the United States District

Court for the Eastern District of New York.  *See* 28 U.S.C. § 1404(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York and to close the case in this District. A summons will not issue from this Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 26, 2023
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4